```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANK ROY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 15-cv-3330 (JBS/AMD) |
| RAMSEY MOVING SYSTEM, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

  Plaintiff Frank Roy, proceeding pro se, brings this suit against Defendant Ramsey Moving System, alleging a violation of his civil rights, after Defendant allegedly damaged and lost some of Plaintiff's possessions during a move and refused to compensate Plaintiff for the missing and damaged items. Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint [Docket Item 3], and Plaintiff's cross-motion to enter default [Docket Item 6]. For the reasons explained below, the Court will grant the motion to dismiss with prejudice. The Court will also deny Plaintiff's cross-motion. The Court finds as follows:

  1.  According to the Complaint filed in the instant case [Docket Item 1], Plaintiff Frank Roy initially hired Ramsey Moving System to move several boxes containing Plaintiff's possessions from an unspecified location to a Marriot Residence

Inn, in or around May of 2010. (Compl. ¶ 1.) Roy then relocated to the Econo Lodge 1 and asked for delivery to that location instead, but the delivery was unsuccessful because the delivery driver requested an additional redelivery charge, which Roy refused to pay because it was inconsistent with what he had been told over the phone. (Id. ¶ 3-4.) Ultimately, a new price was negotiated for the delivery of Roy's items to Homestead Village approximately 30 days later. Roy's chief complaint in this suit is that Defendant damaged or lost some of his possessions in the final delivery and has refused to compensate him for the loss. Specifically, Plaintiff alleges that two boxes, including one box containing crystal, went missing and that an "expensive elephant," which he received from a billionaire friend, was cracked in the move. He alleges that the total value of the crystal and elephant is $75,000, that Defendant has "steadfastly refused to pay for damages," and that Defendant falsely asserted to Plaintiff's previous attorney that Plaintiff had issued Defendant a bad check. (Id. ¶¶ 9-10, 15-20.)

  2. The instant Complaint, filed on May 14, 2015, alleges the above facts and charges Defendant only with violating the "Civil Rights of Plaintiff in retrospect to Civil Rights." (Id. at 1.) Plaintiff seeks damages in the amount of $175,000. (Id. at 3.) On June 12, 2015, Defendant filed a motion to dismiss [Docket Item 3], arguing that Plaintiff has not met the amount-

in-controversy requirement for diversity jurisdiction, that this case is based upon a duplicative state action, and that Plaintiff has failed to state a claim upon which relief may be granted. For support, Defendant attached two complaints previously filed by Plaintiff against Defendant regarding the same May 2010 incident. The first, reciting nearly identical facts, appears to have been filed two years earlier in the Court of Common Pleas of Delaware County, Pennsylvania, on July 5, 2013. (July 5, 2013 Compl., Ex. A to Mot. to Dismiss [Docket Item 3-2].) In this complaint, Plaintiff asserted the claims of negligence and breach of bailment, and alleged that the value of the damaged and lost property was $39,643.50. (Id. at 2.) The second complaint, also against Defendant Ramsey Moving Company, was filed in this district before Judge Noel Hillman on July 8, 2014. (July 8, 2014 Compl., Ex. B to Mot. to Dismiss [Docket Item 3-2].) Plaintiff sought to recover against Defendant under the same set of facts as above, this time under the Antidiscrimination Act, and asserted in this Complaint that the value of the elephant was $35,000. (Id. ¶ 11.) Judge Hillman dismissed the case on November 21, 2014 for failing to meet the requirements for diversity jurisdiction, because Plaintiff failed to plead Defendants' citizenship and failed to allege with the requisite factual specificity that the amount in controversy met the $75,000 jurisdictional threshold. (See

3

Hillman Opinion, Ex. C to Mot. to Dismiss [Docket Item 3-2], at 3-4.)

3.   On June 15, 2015, three days after Defendant's motion to dismiss, Plaintiff filed a request for default [Docket Item 4]. On June 22, 2015, Plaintiff filed an opposition [Docket Item 5] along with a cross-motion to "enter default/final judgment," unaccompanied by any brief [Docket Item 6]. Rather than dispute Defendants' claim regarding the amount-in-controversy, Plaintiff's opposition made only a series of rambling and wholly unsupported statements accusing Judge Hillman and Defendant of "fraudulent activity" and "collusion." (See Opp'n to Mot. to Dismiss.) Plaintiff's cross-motion, which was filed the same day without any legal argument, merely attached several exhibits without explanation, including his complaint filed before the Court of Common Pleas of Delaware County, and Judge Hillman's opinion dismissing Plaintiff's other complaint filed in the District of New Jersey, both of which Defendant had already placed before the Court. (See Exs. A & C to Cross-motion to Enter Default.) Defendant then filed an opposition to Plaintiff's cross-motion [Docket Item 7].

4.   The Court begins by addressing Defendant's motion to dismiss. Defendant argues first that this case must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction because the damages in the case do not exceed

4

$75,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(a). After reviewing Plaintiffs' Complaint and the additional documents that Plaintiff subsequently included for this Court's consideration, the Court must agree with Defendant that the requirements for diversity jurisdiction have not been met.

  5. 28 U.S.C. § 1332(a) provides district courts with subject matter jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." Generally, a party who invokes federal court jurisdiction has the burden of demonstrating the court's jurisdiction. <u>Columbia Gas Transmission Corp. v. Tarbuck</u>, 62, F.3d 538, 541 (3d Cir. 1995) (citing <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936)); <u>Carr v. NJ Cure Ins. Co.</u>, No. 09-cv-3760, 2011 WL 380925, at *2 (D.N.J. Jan. 31, 2011). In diversity cases, courts generally rely on the plaintiff's allegations of the amount in controversy contained in the complaint. <u>Columbia Gas</u>, 62 F.3d at 541; <u>see</u> <u>also</u> <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 583 (3d Cir. 1997). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>Feuerstein v. Simpson</u>, 582 F. App'x 93, 98 (3d Cir. 2014). However, if the defendant challenges the sufficiency of the plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the

5

federal courts must produce sufficient evidence to justify its claims." Suber, 104 F.3d at 583; see also Horn & Hardart Sys., LLC v. Hunter, No. 04-cv-5117, 2005 WL 1522266, at *2 (D.N.J. June 27, 2005) (Simandle, J.). Dismissal is appropriate if the defendant can demonstrate that the jurisdictional amount cannot be met, or if, from the proof, it appears to a legal certainty that the plaintiff is not entitled to that amount. Columbia Gas, 62 F.3d at 541; see also Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011); 7-Eleven, Inc. v. Maia Inv. Co., Inc., No. 14-cv-8006, 2015 WL 1802512, at *10 (D.N.J. Apr. 17, 2015) (Simandle, J.).[1]

  6. Plaintiff alleges that he is a citizen of New Jersey and that Defendant Ramsey Moving System is a Pennsylvania company with a place of business in Media, Pennsylvania. He also alleges that the "[e]lephant and crystal [are] valued at a total of $75,000." (Compl. ¶ 19.) If this was the only record before the Court, the Court would readily conclude that Plaintiff's claim of the amount-in-controversy controls. Although the Court might be skeptical of Plaintiff's assertion that the value of the damaged or lost property exactly equaled the statutory threshold amount, nothing in the Complaint suggests that the

---

[1] Plaintiff has not argued, and the Court cannot find, any other basis for federal jurisdiction. As explained below, Plaintiff has alleged only a violation of his "Civil Rights," and has failed to state a claim upon which relief may be granted.

6

claim was made in bad faith. Defendant, however, has produced evidence which suggests that the actual amount in controversy is far below what Plaintiff alleges. Defendant has shown that Plaintiff filed two previous complaints against Defendant for the same moving incident, reciting facts and allegations that are nearly identical to the instant case, in which Plaintiff previously alleged that the value of the damaged goods was $39,643.50 and $35,000, respectively, and not $75,000, as he now claims. Only after Judge Hillman dismissed Plaintiff's case for failing to meet the jurisdictional threshold of $75,000 did Plaintiff file the instant Complaint, asserting that the elephant and crystal were actually valued at $75,000. Having reviewed and compared all three complaints, the Court finds no additional facts in the instant Complaint that would explain why damages for the exact same items were now approximately $35,000-40,000 greater than previously estimated. Defendant's evidence of Plaintiffs' own statements of the amount-in-controversy has called into question the good-faith basis for Plaintiff's new claim of the amount-in-controversy, and Plaintiff must now "produce sufficient evidence to show that the actual damages exceeded $75,000." Horn & Hardart Sys., LLC v. Hunter, No. 04-cv-5117, 2005 WL 1522266, at *2 (D.N.J. June 27, 2005) (Simandle, J.)

7.   In response, however, Plaintiff only argues, without factual basis, that Judge Hillman was in "collusion" with Defendant and that certain "internal documents" are "fraudulent" and "forged." (See Opp'n to Motion to Dismiss, at 1.) The Court is unable to decipher Plaintiff's allegations. For example, he asserts,

> Defendant's attorney by way of motion entered into evidence copies of internal documents with the intent to set up Chief Justice for collusion accusation by Plaintiff. These documents show proof of collusion by Judge Noel Hillman and Ramsey Moving System.

(Id.) He also asserts,

> Plaintiff wishes Chief Justice to recognize that his numerous complaints about Justice Noel Hillman have been confirmed with the internal documents by the Defendant's attorney that prove conspiracy, collusion, and violation of Constitutional and Civil Rights.

(Id. at 2.) Plaintiff does not specify which documents he is referring to, nor provide any evidence whatsoever to support these allegations, and the Court cannot give credence to his baseless accusations.

8.   Nor can the Court discern how these conspiracy and collusion allegations against Judge Hillman and Ramsey Moving Company disprove Defendants' claim that the amount-in-controversy threshold has not been reached. Rather than explain the discrepancies Defendant has identified, Plaintiff attaches the same documents Defendant attached in its motion to dismiss. That evidence, as noted above, only lends support to Defendant's

argument. Plaintiff does not include any receipts, certifications, or documentation of any kind to justify how he arrived at $75,000 for the amount-in-controversy. Indeed, the Court cannot find even a single sentence in Plaintiff's opposition in which Plaintiff attempts to describe how he estimated the damages in this case.

9. Because Plaintiff has failed to produce any evidence whatsoever, in the face of Defendant's challenge, to support his claim that actual damages in this case exceed $75,000, Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction must be granted.

10. Plaintiff's Complaint must also be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). Because Plaintiff is a pro se plaintiff, the Court construes his Complaint liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

11.   Plaintiff alleges only a single count of violation of his Civil Rights "in retrospect to Civil Rights." (Compl. at 1.) To the extent Plaintiff seeks a remedy under 42 U.S.C. § 1983, he must demonstrate "a violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 47 (1988); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Plaintiff has not shown that Defendant is a government actor, or that Defendant acted "under color of state law." See Groman v.

Twp. of Manalapan, 47 F.3d 628, 638-39 (3d Cir. 1995) (describing various approaches for detecting the presence of action under color of state law). Nor do the facts in the Complaint make out the deprivation of any right protected by the Constitution. This is a dispute between private parties about alleged damage or loss of Plaintiff's possessions, not a constitutional case.

12. To the extent Plaintiff seeks a remedy under the New Jersey Civil Rights Act ("NJCRA"), Plaintiff has also failed to state a claim upon which relief may be granted. The NJCRA was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. This district "has repeatedly interpreted the NJCRA analogously to § 1983," Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. June 29, 2011), and, like § 1983, a claim under the NJCRA requires the plaintiff to show a constitutional violation by an individual acting under "color of law." Because nothing in Plaintiff's Complaint suggests that Ramsey Moving Company was acting under color of state law during the move when Plaintiff's property was damaged or lost, or that Plaintiff's constitutional rights were violated, Plaintiff has not alleged facts to plausibly suggest a claim under the NJCRA.

13. Accordingly, in addition to dismissing Plaintiff's Complaint for lack of subject matter jurisdiction, the Court

will also dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

14.  If a complaint is vulnerable to dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Here, because Plaintiff is pro se, and because Plaintiff may be able to submit an amended pleading that cures the deficiencies discussed herein, the Court will dismiss Plaintiff's Complaint without prejudice.

15.  The Court turns briefly to Plaintiff's "Cross-motion to Enter Default/Final Judgment" [Docket Item 6], and will deny Plaintiff's cross-motion.[2] Before entering default judgment in a

---

[2] Because Plaintiff's cross-motion contains no legal argument and is unaccompanied by a separate brief or statement that no brief is necessary, it violates Loc. Civ. R. 7.1(d) and may be denied on that basis alone. See, e.g., Developers Sur. & Indem., Co. v. NDK Gen. Contractors, Inc., No. 06-cv-86, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because Plaintiff's application does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear Plaintiff's application. Accordingly, Plaintiff's motion for default judgment is denied."); Mem. Op., at 2, Lamberty v. Rosenberg, No. 05-cv-227 (D.N.J. Mar. 31, 2008) (Simandle, J.) ("[T]he Court must deny the motion because there is no asserted basis for it and Plaintiff has not provided the accompanying materials required by Local Rules 7.1(d) and 7.2."); Op. Denying Mot. for Default J. [Docket Item 8], at 2, N.J. Bldg. & Labs. Statewide Pens. Fund v. Belmont Contracting, No. 13-cv-507 (D.N.J. Dec. 20, 2013) (denying plaintiff's motion for default judgment because plaintiff failed to file a brief or statement that no brief is necessary, in violation of Loc. Civ.

case, the court must determine that it has jurisdiction both over the subject matter and parties, determine whether defendants have been properly served, ascertain whether the unchallenged facts sufficiently plead a legitimate cause of action, and whether the circumstances otherwise render the entry of default judgment "proper." See Chanel, Inc. v. Matos, __ F.Supp. 2d ___, 2015 WL 4773072, at *2 (D.N.J. Aug. 13, 2015) (Simandle, J.). The Court could not enter default judgment here even if Plaintiff were to prove that Defendant intentionally ignored its duty to respond to the Complaint, because the Court cannot enter any judgment for Plaintiff in a case in which it lacks jurisdiction. See, e.g., Bey v. Cherry, 2015 WL 300388, at *2 (D.N.J. Jan. 21, 2015) (denying motion for default judgment because the court lacked subject matter jurisdiction over the case). Accordingly, Plaintiff's motion will be denied as moot.[3]

---

R. 7.1). However, in the interests of justice and expediency, and because Plaintiff is pro se, the Court will examine Plaintiff's motion and decide it on the merits. Plaintiff is cautioned to abide by the Local Civil Rules in future filings before this Court.

[3] Nor have the other requirements for entry of default judgment been satisfied. The unchallenged facts do not sufficiently plead a legitimate cause of action, since, as this Court has already explained, the Complaint does not present a plausible claim for a civil rights violation under either 42 U.S.C. § 1983 or the New Jersey Civil Rights Act. Nor do the other circumstances in this case counsel for entry of default judgment. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987) (considering various factors, such as whether the plaintiff has been prejudiced, whether the defendant has a meritorious defense, and whether the defaulting defendant's conduct is

16. Defendant's motion to dismiss will be granted, but Plaintiff's Complaint will be dismissed without prejudice. Plaintiff may file a motion for leave to file an Amended Complaint within thirty (30) days, accompanied by the proposed Amended Complaint that attempts to cure the deficiencies noted herein with clear and concise allegations of the grounds for jurisdiction and the cause of action. If Plaintiff files a motion to amend, it must contain the proposed Amended Complaint as an attachment, and it must be received by the Clerk's Office and served on opposing counsel within thirty (30) days hereof.


 March 23, 2016                          s/ Jerome B. Simandle
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge

---

excusable or culpable). Plaintiff served the Complaint on May 21, 2015, and Defendant filed its Motion to Dismiss just one day after the 21-day statutory deadline for filing a responsive pleading, on June 12, 2015. There is no evidence that Plaintiff has been unfairly prejudiced, especially since Defendant's motion was filed three days *before* Plaintiff even sought entry of default, on June 15. Nor has Plaintiff even alleged that he has been burdened by this one-day delay. Defendant's motion was filed just one day after the 21-day deadline, and Defendant has explained that the mistake was inadvertent, a result of "the miscalculation of the deadline for filing Defendant's responsive pleading." (Scouten Cert. [Docket Item 7-1] ¶¶ 4, 7; see also Opp'n to Mot for Default [Docket Item 7], at 2.) The Court is satisfied that Defendant's conduct is excusable, particularly since Defendant had acted promptly to rectify the error. See, e.g., Wolfsohn v. Raab, 90 F.R.D. 119, 122 (E.D. Pa. 1981) (holding that a demand for trial de novo, filed two days after the statutory deadline, was excusable, since the delay was negligible, the error by counsel was "minor," and the Federal Rules favors disposition of a case on its merits).